OPINION OF THE COURT
Raymond E. Aldrich, Jr., J.
Defendant was convicted of criminal sale of a controlled substance in the third degree, a class A-III felony, in violation of former subdivision 1 of section 220.39 of the Penal Law on July 29, 1975, and sentenced thereon to a sentence of five years to life, and he now moves pursuant to chapter 410 of the Laws of 1979 (Penal Law, § 60.09) for resentencing. The People oppose the motion both on procedural and substantive grounds, contending that the petition or motion is defective and that no facts are set forth therein in support of the request for resentence, that the presence of the word "may” in the statute renders such resentencing permissive rather than mandatory.
While the phrase "may” connotes discretionary rather than *902 mandatory operation of the statute, that word, given the legislative history and objective of chapter 410 of the Laws of 1979 should be construed as providing for curative relief unless compelling factors dictate the contrary. While the People correctly observe that no guidelines are set for determining whether resentencing should be granted, given the remedial nature of the statute, relief should be liberally granted, and its ameloriative provision should be afforded unless there are compelling factors which dictate a contrary result (McKinney’s Cons Laws of NY, Book 1, Statutes, § 321). Such factors have not been demonstrated in this instance.
Accordingly, the motion to resentence is granted to the extent that the court will vacate and set aside the prior sentence of defendant and resentence him in accordance with the provisions of section 60.09 of the Penal Law, said vacating and resentence to be preconditioned upon the receipt by the court of an updated probation report from the Dutchess County Department of Probation, which report shall be submitted to the court not later than February 25, 1980, and this matter is placed on the March 5, 1980 calendar for purposes of formally vacating defendant’s prior sentence and for his resentencing. Defendant’s attorney is advised it might be beneficial to his client to submit a presentence memorandum.